IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN WAYNE MERRING,         :
                                :
    Plaintiff,                  :   CIVIL NO. 1:10-CV-0719
                                :
v.                              :   Hon. John E. Jones III
                                :
ROBERT HARRIS, *et al.*,        :
                                :
    Defendants.                 :

## **MEMORANDUM**

April 21, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Benjamin Wayne Merring, an inmate presently confined at the Lackawanna County Prison in Scranton, Pennsylvania, initiated the above *pro se* action by filing a Complaint under 42 U.S.C. § 1983.[1] (Doc. 1.) He also has filed a

---

[1] As in his previous civil actions filed in this Court, *Merring v. O'Brien*, Civil No. 4:09-CV-2128 and *Merring v. Correctional Care, Inc.,* Civil No. 1:10-CV-0579, Merring labels his Complaint as a "Common Law Complaint" and asserts that he specifically has not filed his Complaint under any federal statute because he has no evidence and believes none exists that would place him within the class of persons who could file such a complaint. (*See* Doc. 1 at 1.) However, he alleges that Defendants, who are employed by the Commonwealth of Pennsylvania, have violated "the 8th Amendment restriction against cruel and unusual punishment." (*See id.* at 2, 3.) Accordingly, this Court construes his Complaint as one filed under the provisions of 42 U.S.C. §1983, which provides a method for vindicating rights conferred by the United States Constitution based upon alleged wrongful conduct committed by a person acting under color of state law. This Court has jurisdiction over § 1983 claims under 28 U.S.C. § 1331.

Motion for Leave to proceed *in forma pauperis*.[2] (Doc. 7.)

Based on the request to proceed *in forma pauperis*, the Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's claims will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I. ALLEGATIONS OF THE COMPLAINT

In his Complaint, filed on April 5, 2010, Merring names as Defendants employees of the Camp Hill State Correctional Institution ("SCI Camp Hill") in Camp Hill, Pennsylvania, including Sergeant Harris, Unit Managers Salamon and St. Pierre, and six (6) Doe Defendants. He alleges that, when he arrived at SCI Camp Hill on December 1, 2009, he was given a winter coat but was not given a winter hat. (Doc. 1 at 3 ¶ 2.) He explains that several other inmates also were not given winter hats. (*Id.* at 4 ¶ 3.) Merring alleges that correctional officers were made aware that he was not provided with a winter hat and that, on four (4) occasions between December 1 and December 20, 2009, he requested a winter hat from Sergeant Harris. (*Id.* ¶ 5.) He

---

[2]Merring filed a request to proceed *in forma pauperis* with his Complaint that was docketed separately as a motion. (*See* Doc. 2.) However, by Order dated April 6, 2010, Merring was directed to comply with the Court's requirement that he either pay the $350.00 filing fee or file a properly completed application to proceed *in forma pauperis* and authorization form. (*See* Doc. 5.) On April 15, 2010, Merring filed his properly completed application and authorization form. (*See* Docs. 7, 8.) Therefore, the request to proceed *in forma pauperis* that was docketed at Document number 2 will be denied as moot.

2

also claims that, on one occasion, Sergeant Harris included Ms. Salamon in the discussion concerning Merring's request. (*Id.* ¶ 6.) Merring claims that, on December 28, 2009, he sent Ms. Salamon a written request for a winter hat, and that Ms. St. Pierre was responsible for retrieving and reviewing written requests. (*Id.* ¶¶ 7-8.) Although he complains that he received no response to his request, he states that, ten (10) days after he submitted it, Sergeant Harris issued hats to all inmates on the block who did not previously have them. (*Id.*) Merring requests that the Court hold Defendants accountable for violating their duty to provide him with a winter hat by awarding actual and punitive relief, and also requests other just and equitable relief that a jury may award. (*Id.* at 5, 6.)

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2)(B) states that, where a plaintiff is granted permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B)(ii), a court applies the same standard as that used when considering a motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6). *See Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "However, a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho v. Fischer*, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

## III. DISCUSSION

Merring alleges that Defendants violated his right to be free from cruel and unusual punishment as provided by the Eighth Amendment to the Constitution by failing to timely provide him with a winter hat. (Doc. 1 at 3.) While "[t]he Constitution 'does not mandate comfortable prisons,' . . . neither does it permit inhumane ones . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). To establish an Eighth Amendment claim, Merring must meet two requirements. First, he must demonstrate that the conditions

4

of his confinement pose "a substantial risk of serious harm" to his health or safety. *Id.* at 834. Secondly, he must show that the person or persons responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As described by the Supreme Court in *Farmer*, the standard for determining deliberate indifference in a conditions of confinement case is whether a prison official knew of and disregarded an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 837. The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

In *Wilson*, the Court observed that "[*s]ome* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson*, 501 U.S. at 304 (emphasis in original).

Merring's allegation that he was not promptly provided with a winter hat at SCI Camp Hill does not amount to an Eighth Amendment violation. He does not allege any other deprivations during his confinement at that institution such that there is a

5

"mutually enforcing effect" leading to a deprivation of warmth that rises to a constitutional level. *See also Allen v. Passaic County Jail*, 2009 WL 4591206, at *9 (E.D. Pa. Dec. 4, 2009) (finding plaintiff's allegations of lack of hot water, cold food, and inability to make collect calls and attend religious services did not add up to an Eighth Amendment violation). Further, he does not indicate that he was perpetually exposed to cold conditions. Rather, he states that he was exposed to the cold only at times when he was traveling from one area of the prison to another. (*See* Doc. 1 at 5 ¶ 3.) More significantly, Merring does not allege any harm that he suffered as a result of the delay he faced in receiving a winter hat other than a general statement that he "has been injured." (*See* Doc. 1 at 5.) Because he has not articulated any injury that he suffered, he cannot establish that Defendants knew of and disregarded an excessive risk to his health or safety. *See Farmer* 511 U.S. at 847. As a result, Merring fails to state a claim upon which relief may be granted, and his Complaint will be dismissed.

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint even when they do not seek leave to do so, "unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no

right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). In the instant case, no amendment could cure the defects in Merring's claims, and therefore, dismissal will be with prejudice. An appropriate Order will enter.